Filed 11/12/21  P. v. Carter CA3
Opinion after vacating opinion filed on 11/3/21

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092181 |
| Plaintiff and Respondent, | (Super. Ct. No. 96F00645) |
| v. | |
| FREDERICK CARTER, | |
| Defendant and Appellant. | |

Defendant Frederick Carter appeals the trial court's denial of his petition for resentencing under Penal Code section 1170.95.[1]  He contends the trial court erred by summarily denying his petition without issuing an order to show cause and the court erred in relying on this court's prior opinion to conclude defendant was ineligible for relief under section 1170.95 as a matter of law.  We affirm.

_____

[1]  Undesignated statutory references are to the Penal Code.

1

BACKGROUND

Marcel Lofton was killed by multiple gunshot wounds, fired by defendant as Lofton laid on the ground already wounded by gunshots fired by defendant. Defendant claimed he suffered from mental health disorders affecting his perceptions.

Defendant was charged with first degree murder of Lofton. The information also alleged that in the commission of the offense, defendant personally used a nine-millimeter handgun. Defendant was not charged with felony murder, on an accomplice liability theory, or under a natural and probable consequences theory. A jury found defendant guilty of first degree murder and found true the allegation he personally used a firearm in the commission of the offense. The trial court sentenced defendant to a term of 25 years to life plus 10 years.[2] Defendant appealed, claiming his postoffense statement was erroneously excluded and instructional error. This court affirmed the judgment.

Defendant filed a petition for resentencing under section 1170.95. Defendant declared the prosecution proceeded "under the natural and probable consequences doctrine," he was convicted of second degree murder in lieu of going to trial because he believed he could have been convicted "of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine," and he "could not now be convicted of 1st or 2nd degree murder."

Pursuant to a standing order, the trial court appointed counsel for defendant and ordered briefing to determine whether to issue an order to show cause. After reviewing the parties' briefs and the "portions of the superior court file and the opinion of the Court of Appeal affirming the judgment" the trial court noted defendant, acting alone, shot Lofton. The trial court found "Because of the circumstances of this murder, [defendant]

_____

[2] Defendant was also charged, convicted, and sentenced on a stalking count unrelated to the claims in this appeal

2

does not fall within the provisions of Penal Code § 1170.95. That statute applies only when the defendant is convicted of felony-murder or under a natural and probable consequences theory. This murder was a malice aforethought murder. He was not an accomplice and intended to kill." Accordingly, the trial court denied the petition.

## DISCUSSION

Defendant contends the trial court erred in summarily denying his petition by resolving factual issues without having issued an order to show cause and considering the record of conviction, including our appellate opinion, in determining whether he had made a prima facie showing of eligibility for relief. After briefing was completed in this case, the California Supreme Court issued its opinion in (*People v. Lewis* (2021) 11 Cal.5th 952, 957-958 (*Lewis*)), which provides the analytical framework for resolving defendant's claims. In *Lewis,* the court held "that the statutory language and legislative intent of section 1170.95 make clear that petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition (see § 1170.95, subds. (b), (c)) and that only after the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction.

*Legal Background*

Senate Bill 1437 (2017-2018 Reg. Sess.) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability. (Stats. 2018, ch. 1015, § 2-3.) It also added new section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, § 4.)

Senate Bill 1437 (2017-2018 Reg. Sess.) changed section 188's definition of malice for the crime of murder. Under new section 188, subdivision (a)(3), "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." It thus "eliminated natural and probable consequences liability for murder and limited the scope of the felony-murder rule."

Section 189 was amended to include new subdivision (e), which provides: "(e) A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer[;] [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree [; or] [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 15, § 3.)

Section 1170.95, subdivision (a) allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial . . . . [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019."

Subdivision (b) requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a)) and states the

4

superior court case number, the year of conviction, and whether petitioner requests appointment of counsel. (§ 1170.95, subd. (b).)

Section 1170.95, subdivision (c), dictates how the court must handle a facially sufficient petition. Under section 1170.95, subdivision (c), the court reviews the petition to determine if the petitioner has made a prima facie showing that the petitioner is entitled to relief. (*Lewis, supra,* 11 Cal.5th at pp. 957-958.) The court shall appoint counsel if the petitioner has requested counsel. The section also sets forth a briefing schedule. Once the court has appointed counsel and received briefing from the parties, it may rely on the record of conviction in determining whether that single prima facie showing has been made. (*Id.* at p. 971.) The record of conviction includes a prior appellate court opinion, although such an opinion may not supply all necessary answers. (*Id.* at p. 972.) "If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited." (*Lewis, supra,* 11 Cal.5th at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972; *People v. Drayton* (2020) 47 Cal.App.5th 965, 980 (*Drayton*).)

"Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*Lewis, supra,* 11 Cal.5th at p. 971; *Drayton, supra,* 47 Cal.App.5th at p. 978.)

Although a court should not reject a petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing (*Lewis, supra,* 11 Cal.5th at

5

p. 971), the court need not credit factual assertions that are untrue as a matter of law. (*Drayton, supra*, 47 Cal.App.5th at p. 980.) Thus, " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis,* at p. 971; *Drayton,* at p. 979.)

*Analysis*

The trial court properly appointed counsel and considered the record of conviction, including our prior opinion, the information, and the abstract of judgment. This record of conviction shows defendant "could not meet the statutory prerequisites for even filing a section 1170.95 petition because he was not charged or convicted of second degree felony murder or murder under the natural or probable consequences doctrine directed at accomplice liability. Accordingly, the superior court's summary denial was appropriate on this ground alone." (*People v. Edwards,* (2020) 48 Cal.App.5th 666, 674, abrogated on another point in *Lewis, supra*, 11 Cal.5th at pp. 961–962.)

Moreover, the record of conviction demonstrates defendant was the actual killer, killing the victim by shooting him multiple times. Defendant was charged with first degree murder and personally using a firearm in the commission of that crime. The allegations of the murder involved a single perpetrator, not a situation in which multiple persons carried out the attack. (*People v. Tarkington,* (2020) 49 Cal.App.5th 892, 899, abrogated on another point in *Lewis, supra*, 11 Cal.5th at pp. 961–962.) The guilty verdict shows the jury found beyond a reasonable doubt that he was the actual killer, and personally used a firearm in the murder. Thus, the record establishes defendant was the actual killer. (See *People v. Cornelius,* (2020) 44 Cal.App.5th 54, abrogated on another point in *Lewis, supra*, 11 Cal.5th at pp. 961–962.) We also note, in line with the jury's verdict, defendant's form petition did not aver he was not the actual killer. As the trial court correctly concluded, this murder was not a felony-murder killing, did not involve accomplice liability, and reflected an intent to kill.

The trial court here did not engage in any improper factfinding. Rather, it relied on our prior opinion and other portions of the record of conviction, such as the abstract of judgment and the information, and found defendant ineligible for section 1170.95 relief as a matter of law. There was no dispute that defendant here was the actual killer.

Because defendant was the actual killer, defendant is ineligible for resentencing as a matter of law under section 1170.95. He simply does not come within the provisions of the statute. No further briefing or evidence could aid the court in reaching this conclusion. The trial court's denial of the petition was thus proper.

DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.


_____\s\_____,
BLEASE, Acting P. J.


We concur:


_____\s\_____,
MURRAY, J.


_____\s\_____,
RENNER, J.